# Exhibit B

RECEIVED DEC 8 2017 DIVISION OF INSURANCE STATE OF NEVADA

FILED
Electronically
CV17-01886
2017-10-10 03:30:40 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 6340240 : pmsewell

$1425
William C. Jeanney, Esq.
Nevada State Bar No. 01235
BRADLEY, DRENDEL & JEANNEY
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

ROBERT ROWEN,

   Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation; ABC CORPORATIONS I-X,
inclusive; BLACK & WHITE COMPANIES
I-X, inclusive; JOHN DOES I-X, inclusive,

   Defendants.

Case No. CV17-01886

Dept. No. 1

## COMPLAINT

Plaintiff, GRADY PIERCE, by and through his counsel of record, William C. Jeanney, Esq. of the law firm of Bradley, Drendel and Jeanney, and for a cause of action against the Defendants, each of them, hereby alleges and complains as follows:

### PARTIES & JURISDICTION

1. At all times material hereto, Plaintiff, GRADY PIERCE, was and is a resident of Lander County, Nevada.

2. At all times material hereto, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (hereinafter referred to as "STATE FARM") was a Corporation authorized to do business in the State of Nevada.

3. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH, vs. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203212

-1-

COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiff as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, he will seek leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

4. Plaintiff does not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiff prays leave that when the true names of said Defendants are ascertained, he may insert the same at the appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

5. At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their Co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

## FACTS

6. Plaintiff realleges Paragraphs 1 through 5 of this Complaint and incorporates the same herein as though set forth at length.

7. On or about December 10, 2013 Plaintiff ROBERT ROWEN was involved in a motor

LAW OFFICE OF
BRADLEY, DRENDEL & JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203212

vehicle accident.

8. Plaintiff ROBERT ROWEN sustained bodily injuries and incurred hospital and medical expenses as a consequence of said motor vehicle accident.

9. Plaintiff ROBERT ROWEN had previously secured and maintained an automobile insurance policy with Defendant STATE FARM.

10. The aforementioned policy provided coverage to ROBERT ROWEN for Underinsured Motorist coverage for physical injuries suffered and sustained as a result of an automobile accident.

11. Plaintiff ROBERT ROWEN timely notified Defendant STATE FARM of the accident.

12. Plaintiff ROBERT ROWEN timely filed a claim with Defendants for injuries resulting from the accident in question.

13. The medical documentation provided to Defendant STATE FARM reasonably established that the treatment ROBERT ROWEN received was due to the December 10, 2013 accident.

14. Plaintiff ROBERT ROWEN, has made repeated demands for the payment of any and all benefits due under the Underinsured Motorist provision provided in his policy of insurance with STATE FARM.

15. Plaintiff paid all premiums due under said policy, all proofs of loss were submitted under said policy, and Plaintiff has performed all conditions required by the policy to be performed. Defendant breached the policy of insurance by failing to promptly investigate, evaluate and pay any and all undisputed amounts, and pay any amounts due and owing under the contract of insurance to Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiff realleges Paragraphs 1 through 15 of this Complaint and incorporates the same herein as though set forth at length.

17. An insurance contract existed between Plaintiff and Defendant STATE FARM.

-3-

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203212

18. Defendant STATE FARM has breached the contract by delaying payment and/or denying Plaintiff's claims.

19. As a direct and proximate result, Plaintiff has sustained and suffered the aforementioned damages including unpaid insurance benefits, attorneys fees, costs and interest.

20. As a further and direct result of Defendant's breach of contract, Plaintiff has suffered mental and emotional distress, aggravation and worry, all to his general damages in excess of $15,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against the Defendants, each of them, as follows:

1. For leave to amend the Complaint upon discovery of the true names and identities of each Doe defendant;

2. For general damages against Defendant STATE FARM in an amount in excess of $15,000.00;

3. For pre-judgment and post-judgment interest as allowed by law; and

4. For an award of attorney's fees and costs of suit incurred; and

5. For such other and further relief, at law or in equity, as this Court may deem equitable and just.

AFFIRMATION Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this 16th day of October 2017.

BRADLEY, DRENDEL & JEANNEY

William C. Jeanney, Esq.
*Attorney for Plaintiff*

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203212

-4-