TREVOR L. ATKIN
Nevada Bar No. 3133
LARA L. MILLER
Nevada Bar No. 12618
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
tatkin@awslawyers.com
lmiller@awslawyers.com

*Attorneys for State Farm Mutual*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ROWEN,<br>  Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; ABC CORPORATIONS I-X, inclusive; BLACK & WHITE COMPANIES I-X, inclusive; JOHN DOES I-X, inclusive, | CASE NO.: 3:18-cv-00009-LRH-WGC<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY DEMAND REQUESTED** |

COMES NOW, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its counsel, the law firm of ATKIN WINNER & SHERROD, and in response to Plaintiff's Complaint on file herein admits, denies and alleges as follows:

**PARTIES & JURISDICTION**

1. In answering the allegations of Plaintiff's Complaint, Paragraph 1, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

2. In answering the allegations of Plaintiff's Complaint, Paragraph 2, Defendant admits the

allegations therein.

3. In answering the allegations of Plaintiff's Complaint, Paragraph 3, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

4. In answering the allegations of Plaintiff's Complaint, Paragraph 4, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

5. In answering the allegations of Plaintiff's Complaint, Paragraph 5, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

## FACTS

6. In answering the allegations of Plaintiff's Complaint, Paragraph 6, Defendant restates and realleges its responses to Paragraph 1 through 5 inclusive, and incorporates the same as though fully set forth in full herein.

7. In answering the allegations of Plaintiff's Complaint, Paragraph 7, Defendant admits the allegations therein.

8. In answering the allegations of Plaintiff's Complaint, Paragraph 8, Defendant admits the allegations therein.

9. In answering the allegations of Plaintiff's Complaint, Paragraph 9, Defendant admits the allegations therein.

10. In answering the allegations of Plaintiff's Complaint, Paragraph 10, Defendant admits the allegations therein.

11. In answering the allegations of Plaintiff's Complaint, Paragraph 11, Defendant admits

that Plaintiff notified Defendant of the accident on May 13, 2015. As to the remaining allegations of Plaintiff's Complaint, Paragraph 11, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

12. In answering the allegations of Plaintiff's Complaint, Paragraph 12, Defendant admits that Plaintiff notified Defendant of the accident on May 13, 2015. As to the remaining allegations of Plaintiff's Complaint, Paragraph 12, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

13. In answering the allegations of Plaintiff's Complaint, Paragraph 13, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

14. In answering the allegations of Plaintiff's Complaint, Paragraph 14, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

15. In answering the allegations of Plaintiff's Complaint, Paragraph 15, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

### FIRST CAUSE OF ACTION (Breach of Contract)

16. In answering the allegations of Plaintiff's Complaint, Paragraph 16, Defendant restates and realleges its responses to Paragraph 1 through 15 inclusive, and incorporates the

same as though fully set forth in full herein.

17. In answering the allegations of Plaintiff's Complaint, Paragraph 17, Defendant admits the allegations therein.

18. In answering the allegations of Plaintiff's Complaint, Paragraph 18, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

19. In answering the allegations of Plaintiff's Complaint, Paragraph 19, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

20. In answering the allegations of Plaintiff's Complaint, Paragraph 20, Defendant alleges that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same. Defendant will hold Plaintiff to all proofs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

That the Complaint and each and every cause of action purported to be set forth therein, fails to allege facts sufficient to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff failed and refused to take reasonable steps to remedy, cure or mitigate his damages as alleged in the Complaint, and is therefore now barred from any recovery in the present action as a result of and to the extent of such failure and refusal.

### THIRD AFFIRMATIVE DEFENSE

The incident involved herein and any resulting injuries or damages, if any, were caused

or contributed by acts and/or omissions of third parties over whom Defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

The complaint, and each cause of action thereof, is barred on the grounds that Defendant's materials and/or conduct referred to in the complaint were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendant hereby requests a credit in the amount of any advanced sums of money, if any, either to or on behalf of Plaintiff prior to trial in this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of prevention of performance.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's injuries, medical conditions, and/or damages, if any, are unrelated to the incident which is the subject of this litigation and/or are pre-existing in that such medical conditions, injuries, and/or damages, if any, were caused separately and independently from or began prior or subsequent to the time of the subject incident. Such medical conditions, injuries, and/or damages, if any, are, in their entirety, separate from and unrelated to the incident alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant denies that any act or omission to act on this answering Defendant's part, or any act or omission to act on the part of any person or entity for whose acts or omissions this answering Defendant is or may be established to be legally responsible or liable, actually or

proximately caused or contributed to in any manner or to any degree, any injuries, damages or losses, if any, for which recovery is sought by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's medical treatment and expenses were neither reasonable nor necessary.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all time herein its conduct has been motivated by the utmost good faith to its insured.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of its failure to satisfy conditions precedent, concurrent and/or subsequent to recovery under the contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the failure of consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from asserting any claims against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that there has been a failure of a condition precedent to recovery under the subject policy in that Plaintiff failed to demonstrate that the tortfeasor driver was uninsured/underinsured.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff has been or will be compensated for his damages, if any, by other parties, and/or other insurance benefits coverage, Defendant is entitled to a credit or offset in that amount.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that any verdict rendered against Defendant must be apportioned between injuries directly caused by the incident alleged in Plaintiff's Complaint and other medical conditions which may have predated or occurred subsequent to the accident alleged.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breaches of the contract.

### TWENTH AFFIRMATIVE DEFENSE

If Defendant failed to perform any valid obligation owed to Plaintiff, which Defendant expressly denies, then there existed a legal excuse for such non-performance.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Defendant's anticipatory breach and/or repudiation of the contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to the Federal Rule of Civil Procedure 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after

reasonable inquiry upon the filing of the Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to alleges additional affirmative defenses if subsequent investigation warrants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

That it has been necessary for Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorney's fees, together with its costs expended in this action.

WHEREFORE this answering Defendant prays that said Plaintiff take nothing by reason of the complaint and the causes of action therein contained, and that this answering Defendant does have and recovers judgment for costs incurred and for such other and further relief as the court may be deemed proper

**[NOTE: Some or all of the affirmative defenses above pled may have been pled for purposes of non-waiver pending discovery. Other affirmative defenses may be added as discovery continues.]**

DATED this 19th day of January, 2018.

ATKIN WINNER & SHERROD

_____
Trevor L. Atkin
Nevada Bar No. 3133
Lara L. Miller
Nevada Bar No. 12618
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for State Farm Mutual*